UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAM M.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:19-cv-5114 MJP-JRC

REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT

NOTING DATE: September 13, 2019

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. *See* Dkts. 10, 11, 12.

After considering and reviewing the record, the Court finds that the ALJ's decision is not based on substantial evidence. The ALJ rejected a medical opinion but failed to explain why her opinion, rather than the doctor's was correct. Additionally, she rejected a psychological opinion because it appeared to be based on plaintiff's medical impairments rather than his mental health diagnosis, but she did not support her statement with substantial evidence.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 1

The ALJ failed to provide clear and convincing reasons for rejecting plaintiff's symptom testimony because she failed to link plaintiff's testimony with specific evidence that undermined his testimony. The ALJ also failed to demonstrate how plaintiff's daily activities met the threshold for transferable work skills. Finally, the ALJ overlooked material lay evidence from plaintiff's former employer regarding his ability to maintain employment.

Further proceedings would unnecessarily delay the resolution of this matter and will serve no useful purpose since it is clear that plaintiff would be disabled if the improperly rejected evidence were credited as true. Accordingly, this Court recommends that this matter be reversed and remanded to the Commissioner and that benefits be awarded pursuant to sentence four of 42 U.S.C. § 405(g).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. *See* AR. 73-74; 105-106. Plaintiff's requested hearing was held before Administrative Law Judge Marilyn S. Mauer ("the ALJ") on April 12, 2017. *See* AR. 38. On January 2, 2018, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 12.

On January 8, 2019 the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR. 1; *see* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's

written decision in February 2019. Dkt. 1. Defendant filed the sealed administrative record regarding this matter ("AR.") on April 23, 2019. Dkt. 8.

BACKGROUND

Plaintiff, Sam M., was born in 1968 and was 44 years old on the alleged disability onset date of October 1, 2013. AR. 75. Plaintiff has a GED and a history of working in a mill. AR. 262. Plaintiff stopped working because of his conditions. AR. 261.

Plaintiff filed his claim for disability benefits alleging lower back injury, nerve problems, "mental issues," depression, left-hand finger damage, lung problems, "severe emotional losses," and neck problems. AR. 75. According to the ALJ, plaintiff has at least the severe impairments of mild cervical degenerative disc disease with mild dextrocurvature, nerve damage left hand, major depressive disorder, anxiety disorder, chronic obstructive pulmonary disease ("COPD") controlled with medication, and mild lumbar degenerative disc disease. AR. 17.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

Plaintiff applied for disability benefits alleging mental and physical impairments. In plaintiff's opening brief, plaintiff raises the following issues: (1) Whether the ALJ provided

specific and legitimate or clear and convincing reasons to discount the opinions of multiple medical providers; (2) Whether the ALJ gave clear and convincing reasons for rejecting plaintiff's symptom testimony; (3) Whether the ALJ ignored lay evidence from plaintiff's former employer; and (4) Whether the ALJ erred in failing to consider the side-effects of prescribed medications. Dkt. 10, p. 1.

### I. Whether the ALJ Erred in Evaluating the Medical Evidence

Plaintiff alleges that the ALJ erred in evaluating several medical opinions. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830 (citations omitted); *see also* 20 C.F.R. § 404.1527(c)(1)("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you"). "In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (citing *Lester,* 81 F.3d at 831). A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or

psychologist. *Lester,* 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001) (citing *Magallanes,* 881 F.2d at 752).

*Dr. Heilbrunn*

Dr. Mark Heilbrunn, M.D., examined plaintiff and reviewed his medical records. AR. 430, 432. He found that plaintiff would be limited to sitting for thirty minutes, for a maximum of four hours in an eight-hour workday. AR. 434. Plaintiff could stand and walk for thirty minutes, for a total of three to four hours in a workday. AR. 434. He further opined that plaintiff could frequently carry eleven to twenty pounds, was unable to reach overhead with either hand, and had limitations in his left-hand dexterity AR. 434-35. Plaintiff would not be able to crawl or stoop, and would need to avoid pulmonary irritants. AR. 435.

The ALJ afforded Dr. Heilbrunn's some weight, but stated that "the straight leg test that the examiner relied upon to assess limits on sitting, standing and walking was inconsistent between the sedentary and supine positions and cannot be considered a valid finding." AR. 25. In a straight leg raise test ("SLR"), Dr. Heilbrunn found that "from a sedentary position is 80 [degrees] bilaterally; from a supine 30 [degrees] bilaterally." AR. 432. After performing the SLR Dr. Heilbrunn diagnosed plaintiff with "[l]umbar pain, positive bilateral straight leg raising from a supine position; degenerative disc disease, possible disc herniation with radiculopathy." AR. 434.

The ALJ assumes that the straight leg test results must be consistent between the sedentary and supine positions without providing justification for her belief. The ALJ must explain why her own interpretations, rather than those of the doctors, are correct. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th

Cir. 1988)). The ALJ may "draw inferences logically flowing from the evidence[,]" but the ALJ may not speculate. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (citations omitted); SSR 86-8, 1986 SSR LEXIS 15 at *22. Here, substantial evidence does not support the ALJ's reason for rejecting Dr. Heilbrunn's opinion.

This is not harmless error. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ("ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination'") (quoting *Stout v. Commissioner, Soc. Sec. Admin.,* 454 F.3d, 1050, 1055-56 (9th Cir. 2006)). If the ALJ had not improperly rejected Dr. Heilbrun's opinion, additional limitations may have been added to the RFC, which would have changed the outcome of the case, as will be discussed *infra*.

*Dr. Wheeler*

Dr. Kimberly Wheeler, Ph.D., is a psychologist who examined plaintiff and determined that plaintiff would have marked limitations maintaining attendance and punctuality and in adapting to changes in a routine work schedule. AR. 689. The ALJ rejected these marked limitations because they "appear to be based on the claimant's physical condition rather than a mental health diagnosis." AR. 26. The ALJ does not support this assertion with substantial evidence from the record. *See Lester,* 81 F.3d at 831.

Dr. Wheeler observed that plaintiff appeared depressed, worried and "quite nervous today." AR. 688. Dr. Wheeler did observe that plaintiff's breathing was labored and questioned whether that condition might prevent him from working. AR. 690. However, she also stated that, "[t]hat aside, [he] is dealing with considerable anxiety. . . [i]s considerably depressed, . . . [and his] [c]oncentration is diminished." AR. 690. On the mental status exam—the objective portion of the examination—Dr. Wheeler observed poor hygiene, dysphoric mood, poor memory,

diminished concentration, and limited judgment. AR. 690-91. She concluded, "Looking at him, listening to him, it's hard to envision he could sustain a single work day, . . . ." AR. 690. Therefore, substantial evidence does not support the ALJ's reason for rejecting Dr. Wheeler's opinion because Dr. Wheeler's opinions clearly are based on plaintiff's mental condition, as opposed to his physical condition.

Accordingly, ALJ has not provided specific, legitimate reasons, supported by substantial evidence in the record, for rejecting Dr. Heilbunn's and Dr. Wheeler's opinions.

This is not harmless error. *See Marsh*, 792 F.3d at 1173. The vocational expert testified that if plaintiff missed more than one day of work per month, or was off task ten percent of the workday, he would not be able to maintain employment. AR. 67.

**II.     Whether the ALJ Erred in Rejecting Plaintiff's Symptom Testimony**

Plaintiff alleges that the ALJ erred in evaluating plaintiff's symptom testimony. If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)); *see also Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014) ("There is no conflict in the caselaw, and we reject the government's argument that *Bunnell* excised the "clear and convincing" requirement"). As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

Plaintiff testified that his breathing impairment and frequent coughing limited his ability to work. AR. 21. He testified that he is unable to concentrate because of depression. AR. 21. He

testified that he has limitations to sitting and standing due to a back impairment and breathing problems. AR. 21. He stated that he often drops things due to an injury to his left hand. AR. 21.

The ALJ stated that plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged, but that they "are not entirely consistent with the with the medical evidence and other evidence in the record." AR. 21. The ALJ then summarizes the medical evidence. *See* AR. 21-24. It is difficult to discern from the ALJ's analysis which evidence undermines plaintiff's symptom testimony.

In evaluating a claimant's allegations of limitations, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (quoting *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)). The Ninth Circuit held that "[b]ecause the ALJ failed to identify the testimony she found not credible, she did not link that testimony to the particular parts of the record supporting her non-credibility determination, [which] was legal error." *Brown-Hunter v. Colvin,* 806 F.3d 487, 494 (9th Cir. 2015) (citing *Burrell*, 775 F.3d at 1139).

The ALJ also states that plaintiff's daily activities "demonstrate that he would be able to perform work consistent with the above RFC." AR. 24. The activities the ALJ pointed to were attending appointments, living with others, going to the supermarket, using public transportation, being busy in August 2015, being in a hurry on January 4, 2016, and "doing fun activities for self care once in a while." AR. 24 (citing AR. 439, 443, 450).

The Ninth Circuit repeatedly has "asserted that the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260

F.3d 1044, 1050 (9th Cir. 2001)). The Ninth Circuit specified "the two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills." *Orn,* 495 F.3d at 639 (citing *Fair,* 885 F.2d at 603). As stated by the Ninth Circuit, the ALJ "must make 'specific findings relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Orn,* 495 F.3d at 639 (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). Here, the ALJ did not make specific findings related to plaintiff's activities, nor explain how they undermine his symptom testimony. In sum, the ALJ failed to provide clear and convincing reasons for rejecting plaintiff's symptom testimony.

### III. Whether the ALJ Erred in Evaluating Lay Testimony

Plaintiff's former employer submitted a questionnaire and narrative letter discussing plaintiff's prior work with the company. *See* AR. 234-38. Evidence from nonmedical sources may give information "about any issue in your claim." 20 C.F.R. § 404.1513(a)(4). An ALJ may disregard opinion evidence provided by "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so.'" *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). In determining whether or not "a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

The former employer stated that plaintiff was unable to complete job duties without special assistance, did not regularly report for work as scheduled, and did not complete his work

1 | in the same amount of time as other employees in similar positions. AR. 2345. The employer
2 | stated that plaintiff received special assistance in the form of fewer or easier duties, lower
3 | production standards, and was allowed frequent absences. AR. 234. The employer stated that
4 | plaintiff performed at fifty percent or less of other employee's productivity. AR. 235.

In the narrative letter, the employer stated that plaintiff had been terminated from his position in 2013. AR. 238. The employer stated that plaintiff had been an "overall good employee" until he was terminated because "he was having issues, loss of his mother and foreclosure on his home." AR. 238; *see also* AR. 243-44 (Plaintiff's earnings record shows that plaintiff had a consistent work history from 1991 through 2014). In 2014, the employer rehired plaintiff "as a humanitarian effort" to help a dedicated employee. AR. 238. The employer stated "it was too much for him" and that "his level of productivity had dropped off and his absenteeism was high." AR. 238. The employer specified that plaintiff's "emotional state was not good and he would have been a danger to himself and others." AR. 238.

The ALJ did not discuss this lay evidence. The Ninth Circuit has held that the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

Defendant asserts that the former employer "does not describe [plaintiff's] symptoms or how his impairments affected his ability to work." Dkt. 11 at 12. This Court disagrees. The questionnaire and the narrative statement both clearly state that due to his impairments, plaintiff was frequently absent and was unable to be productive at a competitive level. *See* Ar. 234-35, 238. The Administration's own regulations state that the Commissioner will consider lay evidence "about any issue in your claim." 20 C.F.R. § 404.1513(a)(4). The Ninth Circuit has

held that competent lay evidence includes descriptions of "'how an impairment affects ability to work.'" *Tobeler v. Colvin,* 749 F.3d 830, 834 (9th Cir. 2014) (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996); *Stout,* 454 F.3d at 1053 ("an ALJ must consider lay witness testimony concerning a claimant's ability to work."). Moreover, evidence that a plaintiff "tried to work and failed actually supported his allegations of disabling pain." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1038 (9th Cir. 2007) (citing *Fair v. Bowen,* 885 F.2d 597, 604 (9th Cir. 1989)); *see also* SSR 84-25, 1984 SSR LEXIS 17 at *2 ("'We will generally consider work that you are forced to stop after a short time because of your impairment as an unsuccessful work attempt.'") (citations omitted).

Therefore, evidence of plaintiff's work performance is probative to whether or not plaintiff is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 404.1505(a). It was legal error for the ALJ to omit discussion of this evidence from her discussion. *Flores,* 49 F.3d at 570-71 (citations omitted).

Again, this is not harmless error. *See Marsh*, 792 F.3d at 1173. If the ALJ had not overlooked this lay evidence, additional limitations may have been added to the RFC. According to the Ninth Circuit, when an ALJ ignores or improperly discounts significant and probative evidence in the record favorable to a claimant's position, the ALJ "thereby provide[s] an incomplete residual functional capacity [RFC] determination." *See id.* at 1161.

**IV. Plaintiff's Remaining Arguments**

Plaintiff also asserts that the ALJ erred in evaluating the medical opinions of Dr. Deem, Dr. Hayward, and Dr. Cheng, and that the ALJ failed to consider the side-effects of plaintiff's prescribed medication. *See* Dkt. 1 at 1. This Court has identified three dispositive errors which

result in the evidence being credited as true, as discussed further *infra*. Accordingly, analyzing these issues in depth will not change the outcome of the decision.

**V.     Remedy**

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

At the first step, the court should determine if "the ALJ has failed to provide legally sufficient reasons for rejecting [the particular] evidence." *Smolen,* 80 F.3d at 1292 (citations omitted). Here, the Court has identified three dispositive legal errors as discussed in the sections above.

Next, as stated recently by the Ninth Circuit:

> Second, we turn to the question whether further administrative proceedings would be useful. In evaluating this issue, we consider whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules.

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted). Here, the record appears to be complete. The ALJ determined at the hearing that plaintiff should attend a neurological exam to provide more evidence regarding plaintiff's hand tremor. AR. 70. The results of this exam were proffered to plaintiff, who responded to the proffer with his argument regarding the examination results. *See* AR. 333, 336. There do not appear to

be any outstanding conflicts or ambiguities in the record, and there are no outstanding factual issues to be determined.

The final step is to determine whether or not "if the improperly discredited evidence [was] credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1202 (9th Cir. 2008). The court noted that at this final "stage of the credit-as-true analysis, we do not consider arguments against crediting evidence that the ALJ did not make." *Garrison,* 759 F.3d at 995. However, the Ninth Circuit has stated that the reviewing court should consider whether or not further administrative proceedings would serve a useful purpose before applying the final part of the credit-as-true rule. *See Treichler* 775 F.3d at 1105.

Administrative proceedings in this case would not serve a useful purpose. The ALJ committed legal error in evaluating two medical opinions, plaintiff's symptom testimony, and overlooked probative evidence regarding plaintiff's ability to work. Although the ALJ did not discuss the lay evidence, giving her the opportunity to review plaintiff's case solely to weigh that evidence against the remaining record merely gives the ALJ another opportunity to revisit the improperly rejected medical opinions and symptom testimony, which is "foreclose[d] . . . under the [second] part of the credit-as-true analysis." *Garrison,* 759 F.3d at 1021-22 (citing *Benecke,* 379 F.3d at 595 ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.").

If the improperly rejected evidence were credited as true, it is clear that plaintiff would be disabled. The vocational expert testified that if plaintiff were to miss more than one day per month of work, he would be incapable of sustaining employment. AR. 67. Dr. Wheeler noted that plaintiff would have marked difficulty, or a very significant limitation, in his ability to

1 | maintain attendance and be punctual within customary tolerances. AR. 689. In fact, she

2 | concluded that it would be hard to envision plaintiff being able to sustain even a single work day.

3 | AR. 690. Therefore, if this opinion is credited as true, then plaintiff would be disabled.

4 | Also, lay evidence from plaintiff's former employer stated that plaintiff was a dedicated

5 | employee until he began having difficulties related to his impairments. AR. 234-35, 238. His

6 | former employer concluded that plaintiff's productivity was 50% or less of other employees.

7 | These difficulties included frequent absences. AR. 234-35, 238.

8 | Dr. Heilbrunn found that plaintiff would be limited to sitting for thirty minutes for a

9 | maximum of four hours in an eight-hour workday and could stand and walk for thirty

10 | minutes for a total of three to four hours in a workday. AR. 434. At the hearing, the ALJ

11 | took administrative notice that those limitations would result in less than full-time

12 | employment. AR. 68.

13 | Thus, when crediting the improperly rejected evidence as true, it is clear that

14 | plaintiff would be found to be disabled. Accordingly, this Court recommends that this

15 | matter be remanded to the Commissioner for an award of benefits.

## CONCLUSION

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for the calculation of benefits to be awarded. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on September 13, 2019, as noted in the caption.

Dated this 26th day of August, 2019.

_____
J. Richard Creatura
United States Magistrate Judge